JOHN C. RISEBOROUGH, WSBA #7740
PAINE HAMBLEN LLP
717 W. Sprague Avenue, Suite 1200
Spokane, Washington 99201-3505
(509) 455-6000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ECONOMY PREMIER ASSURANCE COMPANY, an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TEK-LINE CONSTRUCTION, INC., IAN EDENS, TED WATSON, SCOTT M. MORRISON and CAROL L. MORRISON, husband and wife,<br><br>Defendants. | No. 2:19-cv-6<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW the Plaintiff, Economy Premier Assurance Company (hereinafter "EPAC"), an Illinois corporation, and for its Complaint for Declaratory Judgment alleges as follows:

**Parties and Jurisdiction**

**I.**

EPAC is an Illinois corporation with its principal place of business in Aurora, Illinois, and is a resident of Illinois for diversity jurisdiction purposes.

COMPLAINT FOR DECLARATORY JUDGMENT - 1

CAUSE NO. 2:19-CV-6

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 • FAX (509) 838-0007

EPAC is an affiliate company of Metropolitan Property and Casualty Company and utilizes the brand name MetLife. EPAC is a duly licensed insurance company, authorized to transact the business of insurance in Washington.

## II.

Defendant Scott M. and Carol L. Morrison (hereinafter "Morrisons") are husband and wife and are residents of Seattle, Washington.

## III.

Defendant Tek-Line Construction, Inc. (hereinafter "Tek-Line") is a Washington corporation with its principal place of business in King County, Washington, and is a resident of Washington for diversity purposes.

## IV.

Defendants Ian Edens (hereinafter "Edens") and Ted Watson (hereinafter "Watson") are residents of King County, Washington.

## V.

This Court has original jurisdiction in accordance with 28 U.S.C. §1332, due to diversity of citizenship and the amount in controversy exceeds the jurisdictional limit of $75,000. Venue is proper in the United States District Court for the Western District of Washington as Defendants reside in said

COMPLAINT FOR DECLARATORY JUDGMENT - 2

CAUSE NO. 2:19-CV-6

PAINE HAMBLEN LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 •FAX (509) 838-0007

District and the relationship between the parties and the interests at issue in this litigation are centered in the Western District of Washington.

## Background and Controversy

### VI.

EPAC issued a PAK II Homeowner's and Personal Liability Policy to Morrisons, Policy No. 6686235570, for a period of one year with effective dates of May 24, 2014 to May 24, 2015. EPAC renewed that policy for an additional one-year term of May 24, 2015 to May 24, 2016 (hereinafter "PAK II Policy"). PAK II is a combination policy and includes coverages for risks which are often offered in the insurance market as separate policies, including first party property coverages for homes, personal property and automobile, as well as personal, auto, and other liability coverages. The Morrisons' PAK II Policy included a Washington Umbrella Liability Endorsement. The coverages of the policies are afforded subject to all the terms, conditions, limitations, exclusions and endorsements of said policies.

### VII.

On April 20, 2018, Defendants Tek-Line, Edens and Watson brought suit against Morrisons in the Superior Court of Washington for King County, Cause No. 18-2-10197-2 SEA, seeking to recover for damages arising out of Scott

COMPLAINT FOR DECLARATORY JUDGMENT - 3

CAUSE NO. 2:19-CV-6

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 •FAX (509) 838-0007

Morrison's business, occupation, employment, or profession as a roofing contractor. (Hereinafter Tek-Line Complaint) The Tek-Line Complaint alleges causes of action for Breach of Contract, Conversion, and Breach of Fiduciary Duty. The Tek-Line Complaint also seeks declaratory relief. A true and complete copy of the Tek-Line Complaint is attached hereto as Exhibit 1. On or about May 31, 2018, Morrisons answered the Tek-Line's Complaint and, while denying liability and any actionable conduct, admitted that Scott Morrison had been hired by Tek-Line in connection with roofing construction, and that he had entered a Withdrawal Agreement with Defendants Eden and Wilson with the intention of pursuing roofing ventures under the name of his own company, Tek-Line Roofing, LLC. Morrison further admitted that the Withdrawal Agreement provided for an equitable division of Tek-Line Construction, Inc.'s assets between Morrison and Edens and Watson. The agreements entered between Scott Morrison and the Tek-Line Defendants involved and/or were related to his performance of such roofing activities.

## VIII.

At all times material hereto, Scott Morrison's occupation and/or employment was in the construction trades and included bidding, contracting, installing, and/or repairing/replacing roofs.

COMPLAINT FOR DECLARATORY JUDGMENT - 4

CAUSE NO. 2:19-CV-6

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 •FAX (509) 838-0007

### IX.

On or about June 14, 2018, Morrison, through counsel, forwarded the Tek-Line Complaint to EPAC's Claims Department requesting coverage and indemnification for the damages claimed in the Tek-Line Complaint and further requesting that Plaintiff EPAC provide Morrisons a legal defense in that suit.

### X.

After review of the Complaint, the applicable policy provisions, and corresponding with Morrisons' personal counsel, Plaintiff EPAC concluded that there likely was not coverage for the acts, omissions, and damages being claimed by Tek-Line, Edens and Watson in their Complaint. EPAC nevertheless agreed to defend Morrison from the claims of the Tek-Line Complaint under a full reservation of rights pending further investigation and EPAC's determination of coverage under the PAK II Policy. EPAC proceeded to select defense counsel for Morrisons and is currently providing a defense for the Morrisons in that action subject to a reservation of rights.

### XI.

Plaintiff EPAC contends that there is no coverage for Morrisons under the terms of their PAK II Policy with Plaintiff EPAC, for the allegations of the Tek-Line Complaint. Accordingly, there is no duty of EPAC to provide Morrisons a

COMPLAINT FOR DECLARATORY JUDGMENT - 5

CAUSE NO. 2:19-CV-6

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 •FAX (509) 838-0007

defense in that action. There is thus a justiciable controversy between the parties such that declaratory relief by this Court is appropriate.

## XII.

On November 6, 2018 Plaintiff, through counsel, advised counsel for the insureds, Morrisons of its intention to seek declaratory relief and requesting any information which would change the Plaintiffs conclusion of no coverage. No response to that inquiry was received.

### Indemnity – Policy Provisions – Personal Liability

## XIII.

A.   Plaintiff EPAC's PAK II Policy provides personal liability coverage for an insured's legal liability resulting from an occurrence in which there is actual accidental property damage, personal injury or death, subject to the limitations and exclusions in PAK II. An occurrence is defined as "an event, including continuous or repeated exposure to the same conditions, resulting in personal injury or property damage neither expected nor intended by anyone insured by PAK II." The Tek-Line Complaint does not allege an event which resulted in actual, accidental personal injury or property damage, neither expected nor intended by anyone insured by PAK II. Rather, the Tek-Line Complaint alleges intentional, volitional acts by Scott Morrison. Accordingly,

COMPLAINT FOR DECLARATORY JUDGMENT - 6

CAUSE NO. 2:19-CV-6

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 •FAX (509) 838-0007

there is no coverage under the PAK II Policy for the allegations of the Tek-Line Complaint

B.  Further, the PAK II Policy defines "personal injury" as physical bodily injury, such as broken bones, and includes non-physical injuries to a person's feelings or reputation, including mental injury, mental anguish, wrongful eviction, libel, slander, defamation of character, invasion of privacy and false arrest. It defines "property damage" as damage to someone else's property or its loss or destruction and also the loss of its use. The Tek-Line Complaint does not allege any actual accidental property damage or personal injury as defined in the PAK II Policy. Accordingly, there is no coverage under the PAK II Policy for the damages alleged in the Tek-Line Complaint.

C.  Even if Morrisons could bring themselves within the grants of coverage of the PAK II Policy, there are applicable exclusions which operate to exclude coverage. Under "Major Exclusions (Claims Not Covered)," Paragraph 1, the PAK II Policy provides that it does . . . "not cover any liability or claims connected with any business, profession or occupation." The allegations of the Tek-Line Complaint are connected with Morrisons' business, profession or occupation as a roofing contractor. Accordingly, there is no

COMPLAINT FOR DECLARATORY JUDGMENT - 7

CAUSE NO. 2:19-CV-6

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 •FAX (509) 838-0007

coverage under the PAK II Policy for the claims or the damages of the Tek-Line Complaint.

D.  Further, under Major Exclusions, Paragraph 3, the PAK II Policy "doesn't cover anyone who is liable for personal injury or property damage because he or she is a corporate officer or a member of the board of directors of any corporation, except a religious, charitable, civic or non-profit corporation." The Tek-Line Complaint alleges acts and actionable conduct by Morrison while acting as Treasurer of the Tek-Line Corporation. Accordingly, there is no coverage under the PAK II Policy for the allegations and damages of the Tek-Line Complaint in that regard.

E.  Additionally, under Major Exclusions, paragraph 6, the PAK II Policy "doesn't cover the liability of any person who intentionally causes personal injury or property damage, including sexual or physical abuse." The Tek-Line Complaint alleges intentional, volitional acts by Scott Morrison. Accordingly, there is no coverage for the allegations of, or the damages sought by, the Tek-Line Complaint.

F.  The PAK II Policy has an additional exclusion found within the Washington Amendment Endorsement, Form No. 34137. Paragraph 15 provides: "PAK II does not cover the payment of any award of punitive or

COMPLAINT FOR DECLARATORY JUDGMENT - 8

CAUSE NO. 2:19-CV-6

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 •FAX (509) 838-0007

exemplary damages. "Punitive or exemplary damages" means punitive damages that may be imposed to punish a wrongdoer and to deter others from similar conduct, including but not limited to conduct or actions described as being wilful, wanton, reckless, with malice or with deceit." The Tek-Line Complaint seeks an award attorney's fees without citation to statutory, common law, or equitable basis. If fees were to be awarded as exemplary or punitive damages, Paragraph 15 would operate to exclude such damages from coverage under the PAK II Policy.

G.   On information and belief, Morrisons are insured under one or more commercial general liability policies, which could provide coverage for the acts and omissions of Morrison related to his business, profession or occupation. The PAK II Policy provides, under Other Policy Provisions, Other Rules, Paragraph 6:

> If you or anyone else insured by PAK II for liability claims also have coverage under some other policy providing liability coverage, PAK II will be excess over the other liability insurance." This means the other policy providing liability coverage must pay its policy limits before PAK II will apply.

Accordingly, EPAC's policy is excess over any other collectible insurance of Morrisons.

COMPLAINT FOR DECLARATORY JUDGMENT - 9

CAUSE NO. 2:19-CV-6

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 •FAX (509) 838-0007

**Indemnity - Policy Provisions - Umbrella Endorsement**

## XIV.

A.  The PAK II Policy includes a Washington Personal Umbrella Liability Endorsement (hereinafter "Umbrella Endorsement"). Where the loss or claims are covered by an underlying liability policy, the Umbrella Endorsement provides excess coverage subject to all the terms, conditions, provisions and exclusions of the Umbrella Endorsement. Where the loss or claims are not covered by the PAK II Policy or by another primary liability policy, the Umbrella Endorsement may provide coverage, subject to a $300 deductible, and subject to all the terms, conditions, provisions, and exclusions of the Umbrella Endorsement.

B.  Where the loss or claims are covered by an underlying policy, the Umbrella Endorsement provides as follows:

> "If a liability covered by this endorsement is also covered by your PAK II for one or more of your other primary insurance policies or by the insurance policies of anyone covered by this endorsement, we'll pay only the outstanding balance after all your other insurance and that of all those insured for the same accident is used up. We'll do this up to the limit of liability listed on your PAK II coverage summary.
>
> If the other insurance of anyone insured by this endorsement is not in force or is less than the required minimum primary limit listed on your PAK II Coverage Summary, we will pay

COMPLAINT FOR DECLARATORY JUDGMENT - 10

CAUSE NO. 2:19-CV-6

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 •FAX (509) 838-0007

only the difference between the coverage that should have been in force and the total liability limit.

**So remember you and anyone else covered by this endorsement are responsible for the amount of damage to be paid below the minimum required primary limit shown on the last page of this endorsement.**

Also, if the other insurance company becomes insolvent or you or anyone else covered by this endorsement broke the contract with them, we'll pay only the difference between the minimum primary limit listed on the last page of this endorsement, and your total liability up to the limit of this endorsement.

If you or anyone else insured by this endorsement are covered or should have been covered by other insurance policies, we won't be responsible for providing or paying for any defense, investigation, negotiation or settlement that should have been made by the other insurance company. And we won't pay for any legal expenses such as lawyer's fees and costs, court costs, interest on judgments, salaries or office expenses that should have been paid by the other insurance company. But we have the right to associate in the defense if we want to.

C.  Where the claims and allegations are not covered by an underlying primary policy, the Umbrella Endorsement provides coverage as follows:

Now let's turn to the basic conditions of the second type of extra protection when you're not covered by another policy. This may happen because a claim against you is so unusual that it isn't covered by standard policies.

To give this the type of extra protection, we give you broader coverage than you may have in your other policies. Our

COMPLAINT FOR DECLARATORY JUDGMENT - 11

CAUSE NO. 2:19-CV-6

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 •FAX (509) 838-0007

definitions of accident or incident, property damage and personal injury are usually broader.

What do we mean by an accident or incident? **Anything that causes property damage, personal injury or death without your expecting or intending it.** The only intentional injury that is covered is assault and battery committed to save life or property.

If the accident or incident is covered under this endorsement and is not covered by any PAK II or other primary policies we'll pay claims you may legally have to pay because of someone's property damage, personal injury, or death.

What do we mean by property damage? **Any damage to tangible property or its loss or destruction. Also the loss of its use** – for instance, the costs of having to rent a substitute car to go to work while the damaged car is being repaired.

What do we mean by personal injury? **Bodily injury of course. But also injuries to a person's feeling or reputation.** Like mental injury, mental anguish, shock, wrongful eviction, libel, slander, defamation of character, invasion of privacy, and false arrest.

If the liability covered by this endorsement is not covered by another policy of yours or anyone else insured by this endorsement, we'll pay claims you legally have to pay up to the limit listed on your PAK II Coverage Summary. However, you'll have to pay a small deductible of $300.

We'll be responsible for your defense and related investigation, negotiation or settlement. And we'll pay all legal expenses and court costs in addition to the liability limits of this endorsement.

COMPLAINT FOR DECLARATORY JUDGMENT - 12

CAUSE NO. 2:19-CV-6

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 •FAX (509) 838-0007

D.  The Tek-Line Complaint does not allege anything that resulted in property damage or personal injury or death to another person, as those terms are defined in the Policy. Accordingly, there is no coverage under the Umbrella Endorsement for the allegations of the Tek-Line Complaint

E.  Even if Morrisons could bring themselves within the provisions of the Umbrella Endorsement's description of coverage, an exclusion would operate to exclude coverage. In that regard, Exclusion #1 of the Umbrella Endorsement provides:

> 1.  We won't cover any liability connected with any business, profession or occupation of anyone insured by this endorsement. Nor will we cover accidents happening on the insured's business property. . ..
>
> If a loss is not covered by PAK II or other primary policies, it won't be covered by this endorsement either.

The Tek-Line Complaint alleges liability of Scott Morrison that is connected to his business, profession or occupation. Accordingly, there is no coverage for the allegations of that complaint under the provisions of the Umbrella Endorsement of the PAK II policy.

COMPLAINT FOR DECLARATORY JUDGMENT - 13

CAUSE NO. 2:19-CV-6

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 •FAX (509) 838-0007

### Duty to Defend – PAK II and Umbrella Endorsement

### XV.

The Personal Liability provision of the PAK II Policy provides a defense ". . . when someone makes a covered claim against anyone insured under this policy." The Umbrella Endorsement provides a defense benefit under Additional Coverage "for liability covered by the Umbrella Endorsement." As none of the claims or damages alleged in the Complaint are covered under the PAK II or Umbrella Endorsement, there is no duty to defend Morrisons from the allegations of the Tek-Line Complaint.

### Conclusion and Prayer for Relief

### XVI.

The causes of action of the Tek-Line Complaint demonstrate that the factual allegations and damages sought were not intended to be covered under the provisions of the PAK II Policy or Umbrella Endorsement. The Breach of Contract count does not allege "actual, accidental personal injury" or "property damage." The Conversion count alleges intentional and unjustified taking by Scott Morrison of Tek-Line's property. The Breach of Fiduciary Duty count contends that Morrison ran a competing business and utilized Tek-Line resources to fund that business, and does not seek damages for "accidental

COMPLAINT FOR DECLARATORY JUDGMENT - 14

CAUSE NO. 2:19-CV-6

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 •FAX (509) 838-0007

personal injury" or "property damage." The prayer for Declaratory Judgment does not seek damages at all, nor seek to impose legal liability on Morrisons for either "property damage" or "personal injury," as defined in the PAK II Policy or Umbrella Endorsement.

## XVII.

The Tek-Line Complaint does not allege the loss or destruction of tangible property or physical bodily injury, anguish, wrongful eviction, libel, slander, defamation of character, invasion of privacy and/or false arrest. Rather, the Tek-Line Complaint alleges economic losses and the allegations all relate to Scott Morrison's business, profession or occupation in connection with his employment by Tek-Line, the development of a roofing operation, and Morrison's departure from that company to begin operating a separate roofing business. Accordingly, there is no coverage under the PAK II Policy or the Umbrella Endorsement thereto for the allegations and damages of the Tek-Line Complaint.

## XVIII.

The Court should enter a judgment wholly in favor of EPAC declaring, adjudicating and decreeing that EPAC is not obligated to provide coverage, indemnity or a defense to Defendants Morrisons for the claims alleged in the

COMPLAINT FOR DECLARATORY JUDGMENT - 15

CAUSE NO. 2:19-CV-6

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 •FAX (509) 838-0007

Tek-Line Complaint or for any judgment that may be entered against Morrison's in that suit.

**WHEREFORE**, having set forth its Prayer for Declaratory Judgment, Plaintiff EPAC prays as follows:

1. For a declaratory judgment that Plaintiff EPAC owes no contractual duty or obligation to indemnify Morrisons for any judgment entered against them based on the allegations of the Tek-Line Complaint, nor to reimburse them for any payments they make in settlement of those claims.

2. For a judgment declaring that Plaintiff EPAC owes no duty to defend Morrisons in the pending suit described above from the allegations of the Tek-Line Complaint and that EPAC may therefore withdraw the defense it has been providing Morrisons under reservation of rights;

3. That Plaintiff EPAC be awarded its costs and statutory attorney's fees.

DATED this 3rd day of January, 2019.

PAINE HAMBLEN LLP

By: _____
John C. Riseborough, WSBA #7740
Attorney for Plaintiff

COMPLAINT FOR DECLARATORY JUDGMENT - 16

CAUSE NO. 2:19-CV-6

*PAINE HAMBLEN LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WA 99201
PHONE (509) 455-6000 • FAX (509) 838-0007