UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ECONOMY PREMIER
ASSURANCE COMPANY,

        Plaintiff,

  v.

TEK-LINE CONSTRUCTION, INC.,
IAN EDENS, TED WATSON,
SCOTT M. MORRISON and CAROL
L. MORRISON, husband and wife,

        Defendants.

C19-6 TSZ

ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Summary Judgment, docket no. 25. Having reviewed all papers filed in support of and in opposition to the motion, the Court enters the following order.

**Background**

Plaintiff Economy Premier Assurance Company ("EPAC") issued a homeowner's insurance policy to Defendants Scott and Carol Morrison (together, "the Morrisons"), including an umbrella endorsement, which was effective from May 24, 2014 to May 24, 2016. *See* Declaration of Matthew Brand, docket no. 26, ¶ 2, Ex. A. The policy provides

ORDER - 1

liability coverage for "legal liability resulting from an occurrence in which there is actual accidental property damage, personal injury or death . . . subject to the limitations and exclusions in" the policy. *Id.*, Ex. A at 023. The policy contains exclusions for liability connected to an insured's business, profession, or occupation. *Id.*, Ex. A at 039 (defining "Major Exclusions" to include "any liability or claims connected with any business, profession or occupation"). The separate umbrella endorsement also states that EPAC "won't cover any liability connected with any business, profession or occupation of any insured by this endorsement." *Id.*, Ex. A at 069.

Defendants Tek-Line Construction, Inc., Ian Edens, and Ted Watson (together, "Tek-Line") filed an action in King County Superior Court against the Morrisons on April 20, 2018 ("Underlying Complaint"). Declaration of John C. Riseborough, docket no. 27, Ex. A. The Underlying Complaint asserted claims for breach of contract, conversion, breach of fiduciary duty, and sought a declaratory judgment. *Id.* at 4-5. The factual basis for that suit was an agreement between Scott Morrison and Tek-Line to develop a roofing business, followed by a separation agreement between Scott Morrison and Tek-Line. *Id.* Specifically, the Underlying Complaint alleges that "Tek-Line hired Scott Morrison, an experienced roofer, to expand Tek-Line's business to include a roofing division." *Id.* ¶ 3.2. "At the time of his hiring, Morrison stated that he could help Tek-Line's business grow to between five and ten million dollars annually." *Id.* ¶ 3.3. The Underlying Complaint alleges that the company experienced losses during Morrison's time at the company, and that in the spring of 2015, Morrison "registered the name 'Tekline Roofing LLC' with the Washington Secretary of State" and began

operating that company as a "stand-alone entity using assets and customers from Tek-Line." *Id.* ¶¶ 3.5-3.6.  Tek-Line and Scott Morrison then entered into an agreement whereby Morrison would withdraw from Tek-Line, would stop seeking new ventures under Tekline Roofing LLC, and that Morrison would take other precautions to protect Tek-Line's interests during the separation.  *Id.* ¶¶ 3.7-3.10.  According to the Underlying Complaint, Morrison did not comply with the separation agreement's terms and wrongfully took property belonging to Tek-Line.  *Id.* ¶¶ 3.11-3.15.

        The Morrisons tendered the defense of the Underlying Complaint to EPAC, which accepted under a reservation of rights.  *See* Brand Decl., docket no. 26, ¶ 4.  EPAC then filed the instant action to determine its rights and obligations under the Morrison's policy.  *Id.* ¶ 5.  EPAC propounded interrogatory 6 to the Morrisons, asking them to identify what allegations or claims in the Underlying Complaint are not connected to the Morrisons' business, profession, or occupation.  The Morrisons objected to the interrogatory as calling for a legal conclusion, but otherwise answered that "[t]here are no such allegations in the Underlying Complaint."  Riseborough Decl., docket no. 27, Ex. D at 6.  EPAC also served Requests for Admission to the Morrisons regarding the same topic.  Subject to objections for vagueness, the Morrisons admitted that each cause of action in the Underlying Complaint is connected to the Morrisons' business, profession, or occupation.  *Id.*, Ex. C.

**Discussion**

**I.    Standard of Review**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See Beard v. Banks*, 548 U.S. 521, 529 (2006) ("Rule 56(c) 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

**II.    Exclusion for Liability Related to Business, Profession, or Occupation**

The allegations and claims in the Underlying Complaint are connected to the Morrisons' business, occupation, or profession, and as a result, coverage is excluded. "The duty to indemnify exists only if the policy actually covers the insured's liability." *Nat'l Sur. Corp. v. Immunex Corp.*, 162 Wn. App. 762, 774, 256 P.3d 439 (2011). Washington courts construe insurance policies as a whole, giving the policy the "fair,

reasonable, and sensible construction" that an average person purchasing insurance would. *Vision One, LLC v. Phila. Indem. Ins. Co.*, 174 Wn.2d 501, 512, 276 P.3d 300 (2012); *see also Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co.*, 144 Wn.2d 130, 137, 26 P.3d 910 (2001). Inclusionary clauses are liberally construed in favor of coverage, while exclusionary provisions are interpreted strictly against the insurer. *Assurance Co. of Am. v. Wall & Assocs. LLC of Olympia*, 379 F.3d 557, 560 (9th Cir. 2004) (summarizing Washington law). If the language of a policy is "clear and unambiguous," the Court must "enforce it as written and may not modify it or create ambiguity where none exists." *Weyerhaeuser Co. v. Com. Union Ins. Co.*, 142 Wn.2d 654, 665-66, 15 P.3d 115 (2000).

The exclusion for claims related to a business, occupation, or profession is unambiguous. The Underlying Complaint makes allegations and brings claims related to Scott Morrison's business, occupation, or profession—his work and business contracts with Tek-Line. The Morrisons admit this connection in their discovery responses. The Court finds there is no genuine dispute of material fact precluding summary judgment that EPAC has no duty to defend the Morrisons in the state court action.

### III. Defendants' Request for a Continuance

Defendants do not dispute Plaintiff's arguments. Rather they request a continuance pursuant to CR56(B) to depose Matthew Brand, who Defendants contend is a "previously undisclosed witness . . . offering testimony on the primary document supporting Plaintiff's case [i.e., the insurance policy]." Defs.' Opposition, docket no. 31, at 1. Brand is a Senior Claim Adjuster with EPAC, and authenticates the homeowner's

insurance policy and umbrella endorsements that are at issue in this case. Brand Decl. ¶¶1-2. Defendants argue that they did not know to depose Brand because he was not identified as a potential witness in Plaintiff's initial disclosures. Defendants also argue that Brand "is the only witness put forward by the Plaintiff who claims to authenticate the controlling document of the case . . . opines about the terms of the policy . . . [and] appears to be the person that decided to accept the tender of defense and knows what Plaintiff based that decision upon." Defs.' Opposition, docket no. 31, at 2.

A court may continue a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "'The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists and that it would prevent summary judgment.'" *Grant v. Alperovich*, 993 F. Supp. 2d 1356, 1362 (W.D. Wash. 2014) (quoting *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir.1996)). A nonmoving party is not entitled to a continuance if it cannot identify "the nature of the evidence sought, whether the evidence exists, or whether the evidence would be sufficient to defeat summary judgment." *Id.*

Here, Defendants have not identified any evidence they expect to collect from Brand that would be sufficient to defeat summary judgment. The fact that Brand is the sole authenticating witness for the insurance policy does not require his deposition. Defendants do not suggest they believe the attached policy is not authentic or complete. Similarly, the other topics Defendants identify—why EPAC decided to defend under a reservation of rights, what EPAC said to the Morrisons, and why EPAC initiated this

action—are not relevant to the application of the business and profession exclusion. The Morrisons admitted in responses to discovery that all of the claims were related to the Morrisons' business, profession, or occupation. Alternatively, to the extent any of these topics were relevant, they could have been addressed by a witness EPAC did in fact include in its initial disclosures, specifically Gina Pietraszka, who is the EPAC employee with knowledge of the Morrisons' claim. *See* Supplemental Declarations of John Riseborough and Matthew Brand, docket nos. 36 & 37.

**Conclusion**

(1) Plaintiff's Motion for Summary Judgment, docket no. 25, is GRANTED. The Court will enter final judgment in favor of Plaintiff reflecting that (1) Plaintiff has no duty to indemnify or defend Scott and Carol Morrison in the state court action Cause No. 18-2-10197-2SEA in the Superior Court of Washington for King County, and (2) Plaintiff may withdraw the defense it is currently providing the Morrisons in that action.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 3rd day of September, 2019.

Thomas S. Zilly
United States District Judge