# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ECONOMY PREMIER ASSURANCE COMPANY,

    Plaintiff,

v.

TEK-LINE CONSTRUCTION INC., IAN EVENS, TED WATSON, SCOTT M. MORRISON, AND CAROL L. MORRISON,

    Defendants.

C19-6 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The stipulated motion filed by the parties to vacate the Judgment by the Court and reopen this action for further proceedings, docket no. 40, is DENIED. Although the parties fail to properly reference it, they seek relief under Federal Rule of Civil Procedure 60(b)(6), which authorizes the Court to relieve a party from a final judgment for "any other reason that justifies relief." A district court "employ[s] an equitable balancing test to determine whether to vacate its own unreviewed judgment, mooted by the voluntary action of the parties." *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1167 (9th Cir. 1998). The court's orders "are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994). The parties do not cite any public interest that would be served by vacatur in this case. This Court has already closed the case pursuant to its ruling on the Motion for Summary Judgment, and any appeal is now untimely. Vacatur would not promote the

MINUTE ORDER - 1

conservation of judicial resources. The public's interest is in settlement *before* all the Court's work is done. Vacatur would also not promote early settlement because it encourages parties to "roll the dice" in obtaining a favorable ruling, while giving them the opportunity to "wash[] away" any "unfavorable outcome . . . by a settlement related vacatur." *Id.* at 28. Instead, granting the parties' motion will encourage other parties to do in the next case exactly what the parties did here—settle only *after* the Court resolves the Motion. Moreover, the parties provide no explanation for their belated request. The parties waited nearly two months after the Court entered its Judgment to inform the Court of settlement. The Court therefore exercises its discretion to decline to set aside or vacate the previous judgment entered in this case.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 2nd day of December, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2